OPINION
Appellant Lorenzo Shepherd challenges the finding by Judge Thomas Patrick Curran that he is a sexual predator pursuant to R.C. 2950.09 (B). He alleges ten constitutional and two evidentiary errors in support. For the following reasons, we agree and reverse.
In 1982, then aged 27 years, Shepherd resided with Brenda Matherly and their infant son on the second floor of a double home on Cranford Avenue in Lakewood, Ohio. On August 3, 1982, Annette, who occupied the first floor unit, was in the common basement to do a load of laundry and was approached by Shepherd. He commented on how "fine" she looked and relayed to her his fantasy of someday running into her alone in the basement, hoping she would be wearing a dress. He then asked Annette, "How would you like a black man? Have you ever had a black guy before." To which she responded, "No, and I don't intend to."
As Annette turned to go back upstairs, Shepherd grabbed her arms and stated, "come on, come on," he then pushed her back and began pulling down the tern cloth jumper she was wearing. As he tried to insert his finger in her rectum, she attempted to twist and turn away, yelled for him to stop, and stated, "Please, don't do this to me." Shepherd then forced Annette to the cement floor, pulled down her jumper and proceeded to rip off her panties. She again pleaded for him to stop. He held her down with one arm and unzipped his pants; when she complained he was hurting her, Shepherd picked her up and took her to a storage closet where he ordered her to turn around. She refused, Shepherd then spun her around and, as a result, she struck her head on a car battery that was on one of the shelves. He forced her to bend over and proceeded to have vaginal intercourse. When finished, he apologized for having to do that, and Annette grabbed her clothes and ran upstairs.
On August 24, 1982, Shepherd was indicted on three counts: (1) rape, R.C. 2907.02; (2) gross sexual imposition, R.C. 2907.05; and (3) kidnapping, R.C. 2905.01. He was later charged with one count of bribery, R.C. 2921.02, when he offered Annette money not to testify.
On March 8, 1983, Shepherd pleaded guilty to one count of rape and one count of bribery with the kidnapping and sexual imposition counts nolled. He was sentenced to five to twenty-five years on the rape charge, and one to ten years for the bribery conviction; sentences to be served concurrently. He was subsequently paroled, violated the conditions of the parol, apparently through drug abuse, and was, again, incarcerated. Paroled yet a second time, and drug abuse again caused Shepherd to be returned to prison.
Pursuant to House Bill 180 (H.B. 180), and on recommendation of Department of Rehabilitation and Corrections, Shepherd was ordered to return to the trial court for a hearing to determine if he should be classified as a "sexual predator". After the hearing, on June 2, 1997, the judge found him to be a sexual predator pursuant to R.C. 2950.09 (B).
Shepherd assigns twelve errors for our review. His first assignment of error reads:
 I. I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION AND VIOLATES ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
In State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, the syllabus reads:
 1. R.C. 2950.09 (B) (1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 2. R.C. 2950.09 (B) (1), as applied to conduct prior to the effective date of the statute, does not violate Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
On the authority of the syllabus of Cook, supra, the first assignment of error is not well taken.
 II.
Shepherd's second, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and twelfth assignments of error state:
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. 1, SEC. 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
 XII. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO OFFENSES PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANT'S DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
Shepherd's assignments of error and argument are identical to those considered by this court in State v. Ward (January 28, 1999), Cuyahoga App. No. 72731, unreported. In Ward, supra, this court found these assignments of error to be without merit. Accordingly, the second, fourth through ninth, and twelfth assignments of error are not well taken.
 III.
Shepherd's eleventh assignment of error states:
 XI. THE TRIAL COURT ERRED IN CONCLUDING THAT THE OHIO RULES OF EVIDENCE ARE INAPPLICABLE TO H.B. 180 PROCEEDINGS.
In Cook, supra, the Supreme Court made the following determination:
 Evid.R. 101 (C) excepts application of the Rules of Evidence, including the hearsay rule, from certain proceedings, such as miscellaneous criminal proceedings. Among those listed as specifically excepted from the Rules of Evidence are proceedings for extradition or rendition of fugitives; sentencing; granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise. Evid.R. 101 (C). A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. A determination hearing does not occur until after the offender has been convicted of the underlying offense. Further, the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold that the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. Thus, reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge.
Accordingly, the eleventh assignment of error is without merit.
 IV.
Shepherd's third assignment of error provides:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
In this assignment of error, Shepherd maintains that the evidence, presented by the State at the hearing, was insufficient as a matter of law to find him to be a sexual predator. The State contends that Shepherd's lengthy criminal record and the contacts he made with his victim and her family in an attempt to avoid prosecution, in addition to the rape are ample evidence of predator status.
R.C. 2950.01 (E) provides a definition of sexual predator and states:
 "Sexual predator" means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
Pursuant to R.C. 2950.09 (B), the judge is to make a determination that an offender is a sexual predator by considering all evidence presented, to include the following non-inclusive list of factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09 (B) (2).
The state must prove by clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09 (B) (3). Clear and convincing evidence is that evidence which allows a trier of fact to form a firm belief or conviction in the decision. Cross v.Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
In the case sub judice, the evidence presented against Shepherd consisted of multiple convictions for petty and grand theft, receiving stolen property, and falsification, from the ages of 14 to 27. However, only one crime, the rape conviction, contains a sexual animus. Upon review of Shepherd's file, it is clear that few of the factors listed in R.C. 2950.09 (B) (2), apply to the facts that were before the judge: (1) there was no great disparity in the age of the victim and that of Shepherd, as both were in their twenties, R.C. 2950.09 (a), (c); (2) the rape offense committed did not contain multiple victims, R.C. 2950.09
(d); (3) Shepherd did not use drugs or alcohol to impair the victim, or prevent her from resisting, and he does not suffer from a mental disability or illness, R.C. 2950.09 (e), (f); (4) the offense amounted to one isolated incident, displaying no pattern of sexual abuse, R.C. 2950.09 (h); (5) Shepherd did not make threats of cruelty during this acts commission; and (6) there was no evidence of any prior sexual offenses, R.C. 2950.09
(b)
Although we are mindful that a single sexual offense can be the basis for a determination that an offender is a sexual predator, that single sexual offense cannot alone brand someone a sexual predator without further evidence that an offender is likely to engage in sexually oriented offenses in the future. Ward, supra. At the time of the hearing, Shepherd was almost 42-years-old and had been paroled from prison only 31 months. During those brief periods of freedom, Shepherd aptly pointed out, "I didn't do nothing to nobody but me." Consequently, we cannot say that based on the facts presented, which show Shepherd to be a "career criminal" with a single sexual offense, there was clear and convincing evidence to support a finding that Shepherd would likely commit one or more sexual offenses in the future.
Accordingly, Shepherd's third assignment of error is well taken, and we reverse and remand for the purpose of the court notifying the penal institution to remove the sexual predator classification from Shepherd's records.
It is ordered that appellant recover of appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE. P.J., CONCUR AND TERRENCE O'DONNELL. J., CONCURRINGIN JUDGMENT ONLY AND DISSENTING IN PART: (CONCURRING/DISSENTING OPINIONATTACHED TO JOURNAL ENTRY).
 _____________________________ JUDGE ANNE L. KILBANE